UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| MARK MARTRELL JACKSON | NO. 04-00119-BAJ-RLB |

RULING AND ORDER

Before the Court is Defendant's **Motion For Compassionate Release (Doc. 120)**. The Government opposes Defendant's Motion. (Doc. 125). For the following reasons, Defendant's Motion will be denied.

I. BACKGROUND

On January 25, 2005, Defendant pleaded guilty of multiple counts of possession with intent to distribute "crack" cocaine, and conspiracy related to the same. (*See* Docs. 1, 40).

On June 3, 2005, the Court sentenced Defendant to a term of 324 months imprisonment as to each offense, to run concurrently. (Docs. 104).

Defendant is currently incarcerated at Seagoville FCI, in Seagoville, Texas. His projected release date is January 17, 2023.

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 120). Defendant asserts that release is warranted due to his pre-existing health conditions of hypertension, acute ischemic heart disease, obesity, and obstructive sleep apnea, pre-existing health conditions that create a higher risk of serious health consequences should he contract COVID-19. (*Id.* at 5-6). Defendant also notes that he suffered a heart attack in January of 2021.

## II. ANALYSIS

### A. Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must satisfy the Court that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) (Dick, C.J.). ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it nonetheless informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021).

Relevant here, the Sentencing Commission has expressly recognized that, in certain circumstances, a Defendant's "medical condition" may rise to the level of an "extraordinary and compelling" reason to merit compassionate release. Specifically, the Sentencing Commission advises that "extraordinary and compelling reasons" may

be established upon proof that an illness is "terminal," "serious," or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 (Commentary, Application Note 1).

### B. Discussion

As stated, Defendant seeks release based on multiple pre-existing health conditions, including hypertension, ischemic heart disease, and obesity. Defendant asserts that these conditions place him at a higher risk of serious health consequences—up to and including death—should he contract COVID-19. (*See* Doc. 120 at 5).

Certainly Defendant raises legitimate concerns. For multiple reasons, however, Defendant cannot demonstrate extraordinary and compelling reasons to justify release.

To be sure, the CDC advises that heart conditions (including hypertension) and obesity "**can make you more likely** to get severely ill from COVID-19."[1] Moreover, Defendant's prison medical records confirm that, indeed, his heart disease is a "serious" medical condition within the meaning of the Sentencing Commission's Guidelines. U.S.S.G. §1B1.13 (Commentary, Application Note 1). Certainly, Defendant's pre-existing health conditions place him among a class of people more likely to suffer adverse outcomes from COVID-19.

But that is not the end of the inquiry. First, heart disease and obesity are each

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited October 8, 2021).

fairly commonplace medical conditions that may be controlled through medication and other interventions. Defendant's medical records suggest that he has responded to the treatment regimen prescribed by prison medical staff, and that his condition has improved since suffering his heart attack in January. This Court and others have held that controlled, commonplace, chronic conditions do not establish an extraordinary and compelling reason to justify release, even if those conditions increase the risk of adverse outcomes from COVID-19. *See United States v. Johnson*, 07-cr-17, 2021 WL 262559, at *5 (M.D. La. Jan. 26, 2021) (Dick, C.J.) (ruling that well-controlled hypertension is not extraordinary and compelling); *accord Thompson*, 984 F.3d at 434 (instructing that "commonplace" chronic conditions generally do not make a prisoner's case "extraordinary").

Second, according to the most recent data, Seagoville FCI currently reports only one inmate case of COVID-19, and one staff case.[2] This number is consistent with other federal corrections facilities in Louisiana, Texas, and Mississippi. Meanwhile, amidst the current surge attributable to the Delta variant, hundreds (and sometimes *thousands*) of new cases of COVID-19 are reported among Louisiana's general, non-prison population each day.[3] In short, on the present showing, it is not clear that Defendant is at a significantly higher risk of exposure to COVID-19 as a result of his confinement at FCI Oakdale I. Thus, again, his case is not "extraordinary." *Cf. Thompson*, 984 F.3d at 434 (indicating that defendant's case was not "extraordinary" where defendant failed to show that he was "at a significantly

---

[2] *See* https://www.bop.gov/coronavirus/ (visited October 8, 2021).
[3] *See* https://ldh.la.gov/Coronavirus/ (visited October 8, 2021).

4

higher risk [of severe outcomes from COVID-19] than is the general inmate population").

Finally, and perhaps most important, Defendant's medical records reflect that as of February 19, 2021, he is fully vaccinated against COVID-19, thus dramatically reducing the likelihood that he will be infected by the virus, *and*, if infected, experience severe outcomes. (Doc. 128-1 at 210-211). Defendant is therefore well-protected, and cannot show extraordinary and compelling circumstances justifying release.

In sum, despite a serious medical condition, the Court determines that Defendant has failed to establish an "extraordinary and compelling" reason supporting compassionate release.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motion (Doc. 120) is **DENIED**.

Baton Rouge, Louisiana, this 25th day of October, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**